# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.: 1:25-cv-21306

DANA DOE,

                Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A",

                Defendants.

---

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff DANA DOE[1] ("Doe" or "Plaintiff"), by and through his undersigned counsel,
brings this Complaint against The Individuals, Partnerships, and Unincorporated Associations set
forth on Schedule "A" hereto[2]  (collectively, "Defendants"), who are promoting, selling, offering
for sale and distributing goods using confusingly similar imitations of  Doe's intellectual property
within this district through various Internet based e-commerce stores using the seller identities as
set forth on Schedule "A" hereto ("Seller IDs"), and in support of its claims, alleges as follows:

---

[1] Since it is unknown when Plaintiff's forthcoming *Ex Parte* Motion for Entry of Temporary Restraining Order,
Preliminary Injunction, and Order Restraining Transfer of Assets will be ruled on, Plaintiff's name has been
removed to prevent Defendants from getting advanced notice. Copyright piracy and infringement lawsuits like this
one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ,
WeChat, etc.), and elsewhere on the internet. The www.sellerdefense.cn website and others warn infringers
specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like
those named in this case, to evade Plaintiff's anti-pirating and anti-counterfeiting efforts and hide their ill-gotten
gains. Pursuant to the Court's order on Plaintiff's forthcoming Motion to Seal Certain Documents Containing
Identifying Information About the Defendants, Plaintiff will file an Unredacted Complaint which identifies
Plaintiff's copyrights and provides additional information and allegations once the record is unsealed.
[2] Schedule "A" to this Complaint will be filed under seal after this Honorable Court rules on Plaintiff's Motion to
Seal, which will be submitted as soon as the case is opened, and the judge is assigned.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## SUMMARY OF THE ACTION

1.      Plaintiff Doe brings this action for willful copyright infringement and piracy committed for purposes of commercial advantage or private financial gain by the reproduction or distribution, including by electronic means, of one or more copies of copyrighted works in violation of 17 U.S.C. §501, and for all the remedies available under the Copyright Act 17 U.S.C. § 101, *et seq*., and The All Writs Act, 28 U.S.C. § 1651(a).

## SUBJECT MATTER JURISDICTION

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This Court also has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 301.

## PERSONAL JURISDICTION

4.      Defendants are subject to personal jurisdiction in this district because they purposefully direct their activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through at least the internet-based e-commerce stores accessible in Florida and operating under their Seller IDs.

5.      Defendants are subject to personal jurisdiction in this district because their illegal activities directed towards the state of Florida cause Doe's injury in Florida, and Plaintiff's claims arise out of those activities.

6.      Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

## VENUE

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and not residents in the United States and therefore there is no district which an action may otherwise be brought.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents are subject to the court's personal jurisdiction and therefore reside in this judicial district or may be found here.

## THE PLAINTIFF

10.     Doe is **[REDACTED]**.

11.     Doe's **[REDACTED]**.

12.     Doe's products are sold legitimately through its website and authorized retailers at **[REDACTED]**.

13.     Doe is the owner of the copyrights described below that are the subject of this action.

14.     Doe offers for sale and sells his artworks within the state of Florida, including this district, and throughout the United States.

15.     Like many other intellectual property rights owners, Doe suffers ongoing daily and sustained violations of his intellectual property rights at the hands of infringers such as Defendants herein.

16.     Doe is harmed, the consuming public is duped and confused, and the Defendants earn substantial profits in connection with the infringing conduct.

17.     In order to combat the harm caused by the combined actions of Defendants and others engaging in similar infringing conduct, Doe expends significant resources in connection with his intellectual property enforcement efforts, including legal fees and investigative fees.

18.     The explosion of infringement over the Internet has created an environment that requires artists like Doe to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and himself from the ill effects of infringement of his intellectual property rights.

## WALL'S COPYRIGHT RIGHTS

19.     Doe's unique artworks featuring **[REDACTED]** are protected by copyrights and registered with the Copyright Office (collectively, "Copyrighted Works").[3]

### [REDACTED]

20.     Doe's Copyrighted Works are duly registered with the Registrar of Copyrights as **[REDACTED]** as shown in the table below. True and correct copies of Copyright Certificates of Registration and the Copyrighted Works they apply to are attached hereto as **Composite Exhibit 1**.[4]

### [REDACTED]

21.     Doe's genuine, high-quality artworks are widely and legitimately advertised, promoted, and sold by Doe and his authorized distributors.

---

[3] The information on Plaintiff's copyrights is redacted in initial filing in order to prevent Defendants from getting advanced notice. Pursuant to the Court's order on Plaintiff's Motion to Seal, Plaintiff will file an Unredacted Complaint which identifies Plaintiff's copyrights and provides additional information and allegations once the record is unsealed.

[4] Omitted in initial filing. Plaintiff will attach Composite Exhibit 1 to the Unredacted Complaint.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

22.     Doe has never granted authorization to anyone to advertise, market, or promote unauthorized goods using Doe's Copyrighted Works.

**DEFENDANTS**

23.     Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

24.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.

25.     Defendants are engaged in business in Florida but have not appointed an agent for service of process.

26.     Defendants have registered, established or purchased, and maintained their Seller IDs.

27.     Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of commercial Internet based e-commerce stores via the Internet marketplace websites under the Seller IDs.

28.     Defendants are the past and present controlling forces behind the sale of products bearing or using unauthorized reproductions or derivatives of Doe's intellectual property rights as described herein operating and using at least the Seller IDs.

29.     Defendants directly engage in unfair competition with Doe by advertising, offering for sale, and selling goods bearing counterfeits and infringements of Doe's intellectual property rights to consumers within the United States and this district through Internet based e-commerce

stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to Doe.

30.     Defendants have purposefully directed some portion of their illegal activities towards consumers in the state of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State.

31.     Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to the Internet based e-commerce platforms or domain registrar where they offer to sell and/or sell during the registration or maintenance process related to their respective Seller IDs.

32.     Upon information and belief, many Defendants registered and maintained their Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

33.     Defendants will likely continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale gods bearing or using unauthorized reproductions or derivative works of one or more of Doe's copyrights unless preliminarily and permanently enjoined.

34.     Defendants use their Internet-based businesses to infringe the intellectual property rights of Doe and others.

## JOINDER OF DEFENDANTS IN THIS ACTION IS PROPER

35.     Defendants are promoting, selling, offering for sale and distributing goods bearing or using unauthorized reproductions or derivative works of one or more of Doe's copyrights within this district.

36.     Joinder of all Defendants is permissible based on the permissive party joinder rule of Fed. R. Civ. P. 20(a)(2) that permits the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative with respect to or

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all Defendants will arise in the action.

37.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto is permitted because Doe asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and common questions of law or fact will arise in the action.

38.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto serves the interests of convenience and judicial economy, which will lead to a just, speedy, and inexpensive resolution for Doe, Defendants, and this Court.

39.     Joinder of the multiple Defendants listed in Schedule "A" attached hereto will not create any unnecessary delay nor will it prejudice any party. On the other hand, severance is likely to cause delays and prejudice Doe and Defendants alike.

40.     Joinder of the multiple Defendants listed in Schedule "A" is procedural only and does not affect the substantive rights of any defendant listed on Schedule "A" hereto.

41.     This Court has jurisdiction over the multiple Defendants listed in Schedule "A" hereto. Venue is proper in this court for this dispute involving the multiple Defendants listed in Schedule "A" hereto.

42.     Doe's claim against the multiple Defendants listed in Schedule "A" are all transactionally related.

43.     Doe is claiming copyright infringement and piracy against Defendants of Doe's copyrights.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

44.     The actions of all Defendants cause indivisible harm to Doe by Defendants' combined actions engaging in similar counterfeiting and infringing conduct when each is compared to the others.

45.     All Defendants' actions are logically related. All Defendants are all engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the Defendants can easily conceal to avoid any real liability for their actions.

46.     All Defendants undertake efforts to conceal their true identities from Doe in order to avoid detection for their illegal activities.

47.     All Defendants have the same or closely related sources for their infringing products with some sourcing from the same upstream source and others sourcing from downstream sources who obtain infringing products from the same upstream sources.

48.     All Defendants take advantage of a set of circumstances the anonymity and mass reach the internet affords to sell infringing goods across international borders and violate Doe's intellectual property rights with impunity.

49.     All Defendants have registered their Seller IDs with a small number of online platforms for the purpose of engaging in infringement.

50.     All Defendants use payment and financial accounts associated with their online storefronts or the online platforms where their online storefronts reside.

51.     All Defendants use their payment and financial accounts to accept, receive, and deposit profits from their infringing activities.

52.     All Defendants can easily and quickly transfer or conceal their funds in their use payment and financial accounts to avoid detection and liability in the event that Doe 's anti-pirating and anti-counterfeiting efforts are discovered, or Doe obtains a monetary award.

53.     All Defendants violated one or more of the Doe's intellectual property rights in the United States, by the use of common or identical methods.

54.     All Defendants understand that their ability to profit through anonymous internet stores is enhanced as their numbers increase, even though they may not all engage in direct communication or coordination.

55.     Many of the Defendants are operating multiple internet storefronts and online marketplace seller accounts using different Seller IDs listed on Schedule "A". As a result, there are more Seller IDs than there are Defendants, a fact that will emerge in discovery.

56.     Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names or e-commerce stores used in connection with the sale of infringements and counterfeits of Doe's intellectual property rights are essential components of Defendants' online activities and are one of the means by which Defendants further their infringement counterfeiting scheme and cause harm to Doe.

57.     Defendants are using infringements of Doe's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Doe's legitimate marketplace and intellectual property rights at Doe's expense.

58.     Defendants, through the sale and offer to sell infringing products, are directly, and unfairly, competing with Doe's economic interests in the state of Florida and causing Doe harm and damage within this jurisdiction.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

59.     The natural and intended byproduct of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Doe' intellectual property rights and the destruction of the legitimate market sector in which it operates.

60.     Upon information and belief, at all times relevant hereto, Defendants had actual or constructive knowledge of Doe's intellectual property rights, including Doe's exclusive right to use and license such intellectual property rights.

## DEFENDANTS' INFRINGING ACTIVITIES

61.     Defendants are promoting, advertising, distributing, selling, and/or offering for sale infringing goods in interstate commerce which bear or use unauthorized reproductions or derivative works Doe's Copyrighted Works ("Infringing Goods") through at least the Internet based e-commerce stores operating under the Seller IDs.

62.     Specifically, Defendants are using infringements of the Copyrighted Works to initially attract online customers and drive them to Defendants' e-commerce stores operating under the Seller IDs.

63.     For illustrative purposes, shown below is Plaintiff's copyrighted Work **[REDACTED]** and next to it, a Defendants' listing on the marketplace **[REDACTED]** bearing unauthorized copies of the Copyrighted Work.

**[REDACTED]**

64.     Doe has used the Copyrighted Works extensively and continuously before Defendants began offering goods bearing or using unauthorized reproductions or derivative works of one or more of Doe's Copyrighted Works.

65.     Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing Goods without authority to use the Copyrighted Works.

66.    Defendants advertise their e-commerce stores, including their Infringing Goods offered for sale, to the consuming public via e-commerce stores on, at least, one Internet marketplace website operating under, at least, the Seller IDs.

67.    In so advertising their stores and products, Defendants improperly and unlawfully use reproductions or versions of the Copyrighted Works, or derivatives thereof, without Doe's permission.

68.    As part of their overall infringement and counterfeiting scheme, most Defendants are, upon information and belief, concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of infringements of the Copyrighted Works.

69.    Specifically, Defendants are using infringements of one or more of the Copyrighted Works in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers searching for both Doe's Copyrighted Works and goods sold by Doe's competitors online.

70.    By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Doe's genuine Copyrighted Works and its associated products.

71.    Defendants are causing individual, concurrent and indivisible harm to Doe and the consuming public by (i) depriving Doe and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Doe's genuine Copyrighted Works on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with Doe's business and his intellectual property assets, and (iii) increasing Doe's overall cost to market his Copyrighted Works and educate consumers via the Internet.

72.     Defendants are concurrently conducting and targeting their infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States.

73.     As a result, Defendants are defrauding Doe and the consuming public for Defendants' own benefit.

74.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Doe's ownership of the Copyrighted Works, including his exclusive right to use and license such intellectual property.

75.     Defendants' use of the Copyrighted Works, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Doe's consent or authorization.

76.     Defendants are engaging in the above-described illegal infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Doe's rights.

77.     If Defendants' intentional infringing activities are not preliminarily and permanently enjoined by this Court, Doe and the consuming public will continue to be harmed.

78.     Defendants' infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase.

79.     Defendants' payment and financial accounts, including but not limited to those specifically set forth on Schedule "A," are being used by Defendants to accept, receive, and deposit profits from Defendants' infringing activities connected to their Seller IDs and any other alias, e-commerce stores, or seller identification names being used and/or controlled by them.

80.     Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Doe.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

81.     Doe is suffering irreparable injury and has suffered substantial damages as a result of Defendants' unauthorized and infringing activities and their wrongful use of Doe's intellectual property rights.

82.     The harm and damages sustained by Doe have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Infringing Goods.

83.     Defendants have sold their infringing products in competition directly with Doe's genuine products.

84.     Doe should not have any competition from Defendants because Doe never authorized Defendants to use Doe's copyrights.

85.     Doe has no adequate remedy at law.

## COUNT I – COPYRIGHT INFRINGEMENT

86.      Doe incorporates the allegations of paragraphs 1 through 85 of this Complaint as if fully set forth herein.

87.     Doe has complied in all respects with the Copyright Act of the United States and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyrights at issue in this action.

88.     Pursuant to 17 U.S.C. § 411 (a), Doe registered copyrights for his Works.

89.     Defendants copied, displayed, and distributed Doe's Copyrighted Works and/or prepared derivative works based upon Doe's Copyrighted Works in violation of Doe's exclusive rights under 17 U.S.C. §106(1), (2) and/or (5).

90.     Defendants' conduct constitutes willful and direct copyright infringement of Doe's Copyrighted Works.

91.     Defendants profited from the direct infringement of the exclusive rights of Doe in the Copyrighted Works at issue in this case under the Copyright Act.

92.     On information and belief, there is a business practice of infringement by Defendants.

93.     On information and belief, Defendants routinely and intentionally infringe intellectual property rights of others, including but not limited to, acting with willful blindness and/or reckless disregard.

94.     Doe has been damaged by the infringement.

95.     The harm to Doe is irreparable.

96.     Doe is entitled to temporary and permanent injunctive relief from Defendants' willful infringement.

97.     As direct and proximate results of Defendants' infringement of Doe's exclusive rights, Doe is entitled to actual and statutory damages, as well as Defendants' profits pursuant to 17 U.S.C. § 504(b) and (c).

98.     Doe is entitled to recover his reasonable costs and attorneys' fees incurred in this action.

WHEREFORE, Plaintiff DANA DOE demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.     Entry of temporary, preliminary, and permanent injunctions pursuant to 17 U.S.C §§ 502 and 503 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from copying, displaying, distributing, or creating derivative works of Doe's registered copyrights.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

b.      Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods using infringements of the Copyrighted Works, that copy, display, distribute or use derivative works of Doe's registered copyrights.

c.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Doe's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by this Court disable and/or cease facilitating access to the Seller IDs and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods using infringements of the Copyrighted Works.

d.      Entry of an order authorizing seizure, impoundment and/or destruction of all of the products used to perpetrate the infringing acts pursuant to 17 U.S.C. § 503.

e.      Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon Doe's request, any messaging service and Internet marketplace website operators, administrators, registrar and/or top level domain (TLD) registry for the Seller IDs who are provided with notice of an injunction issued by this Court identify any e-mail address known to be associated with Defendants' respective Seller IDs.

f.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that upon Doe's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court permanently remove from the multiple platforms, which include, *inter alia*, a direct platform, group platform, seller product management platform, vendor product management platform, and brand registry platform, any and all listings and associated images of goods using infringements of the Copyrighted Works via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" annexed hereto, and upon Doe's request, any other listings and images of goods using infringements of the Copyrighted Works associated with any ASIN linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods using infringements of the Copyrighted Works.

g.     Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act and this Court's inherent authority that, upon Doe's request, Defendants and any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by this Court immediately cease fulfillment of and sequester all goods of each Defendant using infringements of the Copyrighted Works in its inventory, possession, custody, or control, and surrender those goods to Doe.

h.     Entry of an Order requiring Defendants to correct any erroneous impression the consuming public may have derived concerning the nature, characteristics, or

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

qualities of their products, including without limitation, the placement of corrective advertising and providing written notice to the public.

i.      Entry of an Order requiring Defendants to account to and pay Doe for all profits and damages resulting from Defendants' copyright infringement, or statutory damages (at Doe's election), for all infringements involved in the action, with respect to any one work, for which any one Defendant is liable individually, or for which Defendants are liable jointly and severally with another, in a sum of not less than $750 or more than $30,000 as the Court considers just pursuant to 17 U.S.C. §504(c)(1), or to the extent the Court finds that infringement was committed willfully, an award of statutory damages to a sum of not more than $150,000 per violation, pursuant to 17 U.S.C. §504(c)(2).

j.      Entry of an award pursuant to 17 U.S.C. § 505 of Doe's costs and reasonable attorneys' fees and investigative fees, associated with bringing this action, including the cost of corrective advertising.

k.      Entry of an Order that, upon Doe's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs, or other alias seller identification or e-commerce store names used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s)

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

and remain restrained until such funds are surrendered to Doe in partial satisfaction of the monetary judgment entered herein.

l.      Entry of an award of pre-judgment interest on the judgment amount.

m.     Entry of an Order for any further relief as the Court may deem just and proper.

DATED: March 20, 2025                      Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
Joel.rothman@sriplaw.com
ANGELA M. NIEVES
Floria Bar Number: 1032760
Angela.nieves@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Dana Doe*